The document below is hereby signed.

Signed: October 8, 2013



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CAROLYN GREEN, | ) | Case No. 10-00072 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER GRANTING MOTION TO CONVERT

The debtor has filed a motion to convert this case to a case under chapter 7.[1]  The case was originally filed under chapter 13 on January 22, 2010.  At the debtor's request, the case was converted to a case under chapter 7 on February 25, 2010.  On September 3, 2010, the court granted the debtor's unopposed motion to convert the case back to chapter 13.  The trustee opposes the debtor's pending motion to re-convert the case to a case under chapter 7 given the debtor's previous conversions of her case.

---

[1] The debtor originally sought conversion by the filing of a notice of voluntary conversion on September 1, 2013 (Dkt. No. 138).  The chapter 13 trustee objected under § 1307(b)(a provision governing a debtor's right to dismiss, not to convert), and on September 3, 2013, the debtor filed a motion to convert to chapter 7 giving 21 days notice of the opportunity to object.

Unlike 11 U.S.C. § 706(a), which provides an absolute right to convert a chapter 7 case *only* if the case has not previously been converted, § 1307(a) provides that a "debtor may convert a case under [chapter 13] to a case under chapter 7 of this title at any time."  *See also* 8 Collier on Bankruptcy ¶ 1307.02 (Alan N. Resnick & Henry J. Sommer eds. 16th ed.) (discussing the unqualified nature of the debtor's right to convert a chapter 13 case to a case under chapter 7).  Although the debtor's prior conversions restrict the debtor's ability to obtain an order dismissing this chapter 13 case, *see* 11 U.S.C. § 1307(b), they in no way alter the debtor's right under 11 U.S.C. § 1307(a) to convert this case to a case under chapter 7 at any time.  *See In re Baker*, 289 B.R. 764, 769 (Bankr. M.D. Ala. 2003) (explaining that because chapter 13 is exclusively voluntary, a debtor may always convert her chapter 13 case to a case under chapter 7); *In re DeFrantz*, 454 B.R. 108, 114 (B.A.P. 9th Cir. 2011) (debtor's right to convert from 13 to 7 is absolute and even if bad faith is alleged that can be addressed through the court's continued jurisdiction over the case and is not grounds for denying conversion).

The trustee cites to several cases for the unremarkable proposition that 11 U.S.C. § 706(a) provides a debtor with only a one-time absolute right of conversion.  Section 706(a), however, governs the conversion of chapter 7 cases, not the conversion of

2

chapter 13 cases, and is thus inapplicable.[2]

II

Rule 1017(f)(3) provides that a "chapter 13 case shall be converted without court order when the debtor files a notice of conversion under . . . §1307(a)."  The rule further provides that "the filing date of the notice becomes the date of the conversion order for purposes of applying § 348(c) and Rule 1019."  The debtor originally sought conversion by the filing of a notice of voluntary conversion on September 1, 2013 (Dkt. No. 138).  The chapter 13 trustee objected under § 1307(b) (a provision governing a debtor's right to dismiss, not to convert), and on

---

[2] None of the cases cited to by the trustee involve a debtor's request to convert her case from a case under chapter 13 to a case under chapter 7.  See *In re Vitti*, 132 B.R. 229 (Bankr. D. Conn. 1991) (holding that chapter 7 debtor whose case was previously converted from chapter 13 to chapter 7 could not permissibly re-convert the case back to a case under chapter 13); *In re Baker*, 289 B.R. 764, 769 (Bankr. M.D. Ala. 2003) (holding that chapter 7 debtor loses his right to convert his chapter 7 case to a case under chapter 13 if the case was previously converted); *In re Banks*, 252 B.R. 399 (Bankr. E.D. Mich. 2000) (denying debtor's request to re-convert her chapter 7 case to a case under chapter 13); *In re Bryan*, 109 B.R. 534 (Bankr. D.D.C. 1990) (chapter 7 debtor could not convert a previously converted case to a case under chapter 13); *In re Carter*, 84. B.R. 744 (D. Kan. 1988) (upholding bankruptcy court's denial of debtors' motion to convert chapter 7 case to a chapter 13 proceeding); *In re Hanna*, 100 B.R. 591 (Bankr. M.D. Fla. 1989) (chapter 7 debtor barred from re-converting chapter 7 case to a case under chapter 13); *In re Richardson*, 43 B.R. 636 (Bankr. M.D. Fla. 1984) (chapter 7 debtors could not re-convert chapter 7 case to a case under chapter 13); *In re Ghosh*, 38 B.R. 600 (Bankr. E.D.N.Y. 1984) (chapter 7 debtor could not re-convert case to chapter 13); 3 Lawrence P. King, Collier on Bankruptcy, Section 706.04 (15th ed. Revised 1995) (addressing conversion from chapter 7 to chapter 12 or 13, not conversion from chapter 13 to chapter 7).

September 3, 2013, the debtor filed a motion to convert giving 21 days notice of opportunity to object.  No motion was necessary, but I will treat the motion as one to treat the notice of conversion as having been effective despite the trustee's objection to the notice.  The trustee's objection to the motion is overruled, and the case will be treated as converted to chapter 7 on September 1, 2013, by reason of the notice of conversion filed on that date.

                                III

   It is

   ORDERED that the debtor's motion, treated as a motion to treat the notice of conversion to chapter 7 as effective, is GRANTED, and the case is deemed to have been converted to chapter 7 effective as of September 1, 2013.

                                        [Signed and dated above.]

Copies to: Recipients of e-notification of filing.